ANNIE PEARCE *v.* S. B. THOMAS'S EX'RS, ET AL.

**Contract for Services Rendered by a Relative.**

> No promise to pay for services rendered by a relative residing with a relative can be implied, but there must, to entitle one rendering such services to recover, be a contract to pay.

**Consideration for Services—Contract.**

> A contract between relatives, by which one residing with the other does not perform menial services, but gives her time in aiding the other, and as a companion, is based upon a sufficient consideration.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 27, 1878.

OPINION BY JUDGE PRYOR:

The right of the appellant to recover depends alone upon the existence of a contract between herself and the appellee's intestate in regard to her services.

This contract is established by the testimony of both the father and mother of the appellant, and their statements corroborated by others who were familiar with the family of the decedent, and in a condition where it is not at all improbable that they should have heard the parties talk as to the terms on which appellant was remaining at the house of her father-in-law. The evidence by the appellee that appellant performed no menial services, and did not act in the capacity of servant, and was absent much of the time, did not conduce to disprove the existence of the contract or defeat appellant's right of recovery. It is not pretended that appellant was a mere servant, or that she in fact undertook to perform that character of services that would entitle her, independently of the contract, to the sum claimed. Appellant was the daughter-in-law of the decedent, who was a man of wealth, with a wife in bad health, and desired that appellant should remain with her and in the family more as a companion for the wife than as a servant, and in consideration of the agreement to remain or make their house her home, decedent agreed to give her fifty dollars per month, so long as she remained a widow, or so long as she continued to reside with decedent. That she was kind and attentive to the wants of her mother-in-law, and after her death to the decedent, is clearly shown, and this attention entered into and constituted, as is alleged in the petition and as the proof shows, a part of the consideration for the agreement.

This is no contract in restraint of marriage, and as we construe the statements of the petition, the meaning was that when she ceased to be a widow her right to pay terminated. If, however, this consideration is contrary to public policy and therefore void, it by no means follows that after the services are performed and the contract complied with that the appellee or his intestate could say, "Although you have complied with your contract, remained at my house and nursed myself and wife as you agreed, still we are not liable, because a part of the consideration was illegal." This, however, forms no part of the contract. The object of the decedent was to have appellant reside with him as one of the family, and to bestow that attention to his wife that one with her relation to the family would naturally give. That appellant was absent much of the time, or occasionally visited her friends, does not affect the nature of the contract or limit her right of recovery; as before stated the ordinary duties of servant was not expected of her, and the right to enforce the contract is not made to depend upon her rendering such character of service. She continued to render service such as she was expected to render up to the 1st of August, 1874, and up to that time she is entitled to receive, subject to the payments made. The contract is not within the statute of frauds. A contract to pay $50 per month as long as one remains a widow or as long as the services are rendered is not within the statute.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*D. M. Rodman, Kinney & Renard, William Wilson, for appellant.*
*M. H. Marriott, Barrett & Brown, for appellees.*